Concurring opinion issued June 16, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01139-CV

———————————

Bullseye PS III LP, as the Property Owners and the Property Owners, Appellant

V.

Harris
County Appraisal District, Appellee



 



 

On Appeal from the 333rd District Court

Harris County, Texas



Trial Court Case No. 2008-55531

 



 

CONCURRING OPINION

          Because
the result in this appeal is controlled by the prior memorandum opinion of this
court in Kelly v. Harris County Appraisal
District, No. 01-09-00996-CV, 2011 WL 497032 (Tex. App.—Houston [1st Dist.]
Feb. 10, 2011, no pet. h.), I concur in the judgment.  I write separately to explain my disagreement
with the holdings in Kelly and the
sole relevant authority it relied upon, KM
TS Spring Cypress L.L.C. v. Harris County Appraisal District, No.
14–09–00978–CV, 2010 WL 3921126 (Tex. App.—Houston [14th Dist.] Oct. 7, 2010, pet.
denied) (per curiam mem. op.).

          This
is an appeal from the trial court’s ruling sustaining the appraisal district’s
plea to the jurisdiction.  The basis for
the jurisdictional challenge is the purported existence of an agreement between
the property owner’s agent and the chief appraiser.  If such an agreement exists, it is final as
to any matter on which a protest has been filed but not determined by the
board.  See Tex. Tax Code Ann. § 1.111(e)(1) (West Supp.
2010).

          In
this case, as in Kelly and KM TS Spring Cypress,* the property owner disputes the
applicability of Tax Code section 1.111(e) on the basis that the agreement at
the hearing was made between the property owner’s agent and an employee of the
appraisal district, but not the chief appraiser himself.  It is certainly the case that the chief
appraiser may delegate authority to his employees, see Tex. Tax Code Ann.
§ 6.05(e) (West 2008), and it therefore follows that included among the
responsibilities that may be so delegated are either or both of the responsibility
to represent the appraisal district at a protest hearing, see id. § 41.45(c)
(West Supp. 2010), and the power to enter into a binding final agreement
concerning appraised value, see id. § 1.111(e).

          The
chief appraiser’s delegation of authority to his employees to represent the
appraisal district at a protest hearing could, but need not necessarily,
include a delegation of authority to enter into a final and binding agreement
as to appraised value.  The factual basis
for the appraisal district’s claim of delegation was challenged by the property
owner in the trial court, and if it is in fact the case that such authority had
been delegated, then it would be plain that section 1.111(e) operates to
foreclose further litigation as to appraised value.  But the appraisal district produced no
evidence to support its claim that the relevant authority had been delegated by
the chief appraiser, and the property owner sought discovery to confirm whether
there is a factual basis for the appraisal district’s claim.  There is no statutory basis for denying
discovery into that matter.  The statute
specifically identifies the chief appraiser as the person empowered to enter
into a final agreement for purposes of section 1.111(e).  In a large county such as Harris County, a
chief appraiser is effectively required to delegate to employees the authority
to appear at protest hearings, simply because there are too many hearings for
the chief appraiser to attend them all. 
Yet the chief appraiser might still wish to retain the power of personally
and finally approving agreements pursuant to section 1.111(e), thereby
providing a check against overly generous concessions by the appraisal
district’s representatives, collusion with agents for property owners, or any
other concern the chief appraiser may have. 
The presumption in Kelly and KM TS Spring Cypress that such authority
may be inferred from the appearance of a representative in lieu of the chief
appraiser thus deprives the chief appraiser of the flexibility to tailor which
powers he may or may not wish to delegate to his employees.  The property owner’s failure to object to the
absence of the chief appraiser—an
apparently futile objection given the chief appraiser’s power to delegate
responsibility for appearing at the protest hearing—adds nothing to the analysis.

          When a
plea to the jurisdiction turns on disputed jurisdictional facts, the trial
court is required to resolve the jurisdictional issues by considering relevant
evidence submitted by the parties.  See Texas Dep’t. of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 227 (Tex. 2004); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).  That fundamental concept is violated by the
rule of Kelly and KM TS Spring Cypress, which
short-circuits the inquiry and improperly assumes jurisdictional facts in favor
of the defendant appraisal district.  

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.











*
          See Kelly v. Harris Cnty. Appraisal Dist., No. 01-09-00996-CV, 2011
WL 497032, at *2 (Tex. App.—Houston [1st Dist.] Feb. 10, 2011, no pet. h.); KM TS Spring Cypress L.L.C. v. Harris Cnty.
Appraisal Dist., No. 14-09-00978-CV, 2010 WL 3921126, at *1 (Tex.
App.—Houston [14th Dist.] Oct. 7, 2010, pet. denied).